# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-1832

———————

United States of America,　　　*
　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　*　Eastern District of Missouri
William Lillard,　　　　　　　*
　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　*

———————

Submitted: May 6, 1997

Filed: May 20, 1997

———————

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit　　　Judges.

———————

PER CURIAM.

William Lillard appeals his conviction and 200-month sentence imposed by the United States District Court[1] for the Eastern District of Missouri, after a jury found him guilty of drug and weapons offenses. Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw. Lillard has filed a supplemental pro se brief. For the reasons discussed below, we affirm.

In a two-count indictment, the government charged Lillard with possessing with intent to distribute "50.0 grams or more of a mixture or substance containing cocaine base (crack)," in violation

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and with carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). After the jury returned a guilty verdict on both charges, the district court imposed sentences of 140 months imprisonment on the drug count and a consecutive 60 months imprisonment on the weapons count, and five years of supervised release.

On appeal, Lillard argues in his pro se brief that the government failed to prove the substance for which he was sentenced was "crack" and not simply cocaine base. He also argued his counsel was ineffective in failing to properly investigate whether his possession of a gun constituted a § 924(c) violation and whether the pants he was wearing could have supported the weight of the weapon he allegedly carried.

Lillard did not challenge in the district court--at trial or at sentencing--that the government failed to prove the cocaine base he possessed was "crack" cocaine; thus, we may review only for plain error. See United States v. Robinson, No. 96-1731, 1997 WL 154903 at *2 (8th Cir. Apr. 4, 1997). Where the issue is whether the district court properly calculated the sentence based on "crack" cocaine rather than another form of cocaine base (for the purpose of applying the increased sentence for crack under U.S. Sentencing Guidelines Manual § 2D1.1(c)), the government bears the burden of proving at sentencing the type of drugs by a preponderance of the evidence. See United States v. Jones, No. 96-2656, 1997 WL 182267, at *2 (8th Cir. Apr. 16, 1997); United States v. Jackson, 64 F.3d 1213, 1219 (8th Cir. 1995) (stiffer penalties apply to crack form of cocaine base under U.S. Sentencing Guidelines Manual § 2D1.1(c)), cert. denied, 116 S. Ct. 966 (1996).

We conclude there is no plain error because the government presented evidence that the drugs were crack cocaine. Two officers, trained in identifying drugs, testified that the drugs found were in a hard, rock-like form typical of crack cocaine; an expert criminalist who had tested the substance testified that the drugs were cocaine base and that cocaine base is "also called crack." There was no contradictory evidence suggesting that the cocaine base was not in "crack" form. Cf. United States v. Wilson, 103 F.3d 1402, 1407 (8th Cir. 1997) (chemist provided uncontradicted testimony that substance was cocaine base; irrelevant that chemist did not specifically say substance was "cocaine base which is the same as crack"). Thus, to the extent Lillard challenges either the sufficiency of the evidence to support the jury's verdict or the application of the enhanced Guidelines for "crack cocaine," we conclude there was no plain error.

With respect to Lillard's ineffective-assistance-of-counsel claims, they are more appropriately resolved in a 28 U.S.C. § 2255 motion. See United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995).

Upon review of the record, including the trial transcript, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.